UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ROBERTA A. DeANGELIS
UNITED STATES TRUSTEE, REGION 3
Michael A. Artis, Esquire (MA 4024)
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Fax: (973) 645-5993

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| _____ : | | |
| In re: | : | Chapter 7 |
| | : | |
| Albert F. Manetti and | : | Case No. 12-10392 (KCF) |
| Barbara A. Manetti, | : | |
| | : | |
| Debtors. | : | |
| _____ : | | |
| | : | Adversary No. _____ |
| Roberta A. DeAngelis, | : | |
| United States Trustee, | : | |
| | : | The Honorable Kathryn C. Ferguson |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| Albert F. Manetti and | : | |
| Barbara A. Manetti, | : | |
| | : | |
| Defendants. | : | |
| _____ : | | |

**COMPLAINT OBJECTING TO DISCHARGE**

Roberta A. DeAngelis, the United States Trustee, Region 3, by and through counsel, by

way of complaint objecting to the discharge of Albert F. Manetti and Barbara A. Manetti,

respectfully alleges as follows:

1

## JURISDICTION AND VENUE

1.      This is an adversary proceeding brought under 11 U.S.C. § 727(c) and Federal Rule of Bankruptcy Procedure 7001(4).

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

3.      This is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(A) and (J).

4.      Venue is proper pursuant to 28 U.S.C. § 1409.

5.      The United States Trustee has standing to bring this complaint under 11 U.S.C. § 307 and 28 U.S.C. § 586(a)(3).

6.      This complaint is timely filed as the original deadline for filing a complaint objecting to discharge was extended by order of this Court pursuant to Federal Rule of Bankruptcy Procedure 4004(b) to April 16, 2012, then to June 15, 2012, August 14, 2012, and finally to October 16, 2012.

## THE PARTIES

7.      The Plaintiff, Roberta A. DeAngelis ("Plaintiff"), is the United States Trustee for Region 3, with a business address at the Office of the United States Trustee, One Newark Center, Suite 2100, Newark, New Jersey, 07102.

8.      The Defendants, Albert F. Manetti and Barbara A. Manetti are individuals, and may be served with summons at their place of residence at 525 Basso Street, Jackson, New Jersey, 08527, and 406 Hidden Harbor Place, Lanoka Harbor, New Jersey, 08734.

9.      The Defendants' attorney, Eugene D. Roth, has a business address at 2520

Highway 35, Suite 307, Manasquan, New Jersey, 08736.

## FACTUAL BACKGROUND

### *The Defendants' Original Bankruptcy Filings*

10.      On January 9, 2012, the Defendants through their attorney Jesus A. Collazo, Esq.,

filed a joint petition for relief under chapter 7 of Title 11 of the United States Code.

11.      On January 10, 2012, Daniel Straffi, Esq., was appointed as the Chapter 7 trustee

(the "Case Trustee"), and continues to serve as trustee in the Defendants' case.

12.      The Defendants disclosed two properties on Schedule A: 525 Basso Street,

Jackson, New Jersey ("Jackson Property"), which was valued at $389,000.00; and 406 Hidden

Harbor Place, Lanoka Harbor, New Jersey ("Lanoka Harbor Property"), which was valued at

$670,000.00.

13.      The Defendants disclosed on Schedule B cash on hand in the amount of

$2,000.00.

14.      The Defendants disclosed an interest in one checking account with a balance of

$1,000.00.

15.      The Defendants disclosed household goods with a current value of $10,000.00.

16.      The Defendants disclosed clothing with a current value of $1,000.00.

17.      The Defendants disclosed jewelry with a current value of $5,000.00.

18.      The Defendants disclosed three motor vehicles: a 2003 Lincoln Navigator; a 2006

Ford Explorer; and a 2008 Ford F150.

19.    The Defendants disclosed four boats: a 2006 Sea Ray Amberjack; a 2006 Silverton; a 2006 Triton; and a 2008 Sea Ray Sundeck.

20.    The Defendants disclosed office equipment, furnishings and supplies with a current value of $2,000.00.

21.    The Defendants disclosed machinery used in business with a current value of $40,000.00.

22.    The Defendants reported on Schedule I that as of the petition date the Defendant husband received $14,000.00 per month in gross income from the operation of business, and the Defendant wife received no income from any source.

23.    The Defendants further stated on Schedule I that as of the petition date they did not anticipate any increase or decrease in income within the year following the filing of their petition.

24.    The Defendants stated on Schedule J that as of the petition date they had average monthly expenses of $15,422.00, which included mortgage expenses of $5,200.00; business expenses of $2,807.00; auto installment expenses of $1,500.00; and boat installment expenses in the amount of $4,385.00.

25.    The Defendants listed on Schedule F unsecured claims in the total amount of $452,515.81.

26.    The Defendants signed the Declaration Concerning Debtor's Schedules attesting under penalty of perjury that the information contained in the Schedules was true and correct.

27.    The Defendants' Statement of Financial Affairs ("SOFA"), filed in support of the petition disclosed that the Defendants had no year-to-date gross income from employment, or the

4

operation of business, and no gross income during the two years immediately preceding the filing of the case.

28.     The Defendants' SOFA, filed in support of the petition disclosed that the Defendants had no income other than from employment, or the operation of business during the two years immediately preceding the filing of the case.

29.     The Defendants' SOFA, filed in support of the petition disclosed one law suit: Wilbur Investigations, Inc. vs. Albert Manetti, DC-006195-10, Ocean County Superior Court, (pending).

30.     The Defendants' SOFA, filed in support of the petition did not disclose any gifts, losses, transfers, closed financial accounts, or property held by another person.

31.     The Defendants' SOFA, filed in support of their petition did not report any business interests within the six years immediately preceding the commencement of the case.

32.      The Defendants signed the statement at the end of the SOFA attesting under penalty of perjury that the information contained in the SOFA was true and correct.

33.     The Chapter 7 Statement of Current Monthly Income and Means Test Calculation ("Form 22A"), line 4, reported that during the six months preceding the filing of their petition, the Defendants' average monthly income from operation of a business was $11,193.00.

34.     On Form 22A, line 13, the Defendants' reported their annualized current monthly income as $134,316.00.

35.     The Defendants signed the statement at the end of Form 22 attesting under penalty of perjury that the information contained in this statement was true and correct.

5

*The Meeting of Creditors*

36.    The meeting of creditors pursuant to 11 U.S.C. § 341(a) ("Meeting of Creditors"),

was held on February 14, 2012, before the Case Trustee.

37.    The Defendants testified under oath that they read their petition prior to signing it.

38.    The Defendants testified under oath that the information contained in their

Petition, Schedules, and SOFA was true and accurate.

39.    The Defendants testified that they owned a 2003 Chevrolet Corvette that was not

previously disclosed on Schedule B.

40.    The Defendants further testified that they owned a collection of 20 firearms that

were not previously disclosed on Schedule B.

41.    The Defendants further testified that the husband owned a landscaping business.

42.    Upon information and belief, as of the petition date, the Defendants had an

ownership interest in a landscaping business under the name of E.H. Manetti & Sons

Landscaping, LLC, which was not disclosed on Schedule B and the SOFA.

43.    The Defendants further testified that they sold all of the machinery and equipment

in connection with their landscaping business in order to pay their household expenses.

44.    The Case Trustee indicated the Meeting of Creditors would remain open to permit

the Case Trustee or his representative to inspect the Defendants' boats, motor vehicles, firearms,

and business assets.

### *The Plaintiff's Subpoena for the Production of Documents, and Examination of the Defendants Pursuant to Federal Rule of Bankruptcy Procedure 2004*

45.     On March 8, 2012, the Plaintiff issued a Subpoena Duces Tecum to the

Defendants ("Subpoena") compelling the production of documents pursuant to Federal Rule of

Bankruptcy Procedure 2004 ("Rule 2004").

46.     The Subpoena also requested that the Defendants appear for a Rule 2004

examination on April 4, 2012.

47.     On April 4, 2012, the Defendants failed to attend the Rule 2004 examination.

48.     On June 5, 2012, an Order was entered compelling the Defendants to

appear for a Rule 2004 examination on June 28, 2012.

49.     Upon information and belief, on or about June 27, 2012, the Defendants

substituted Eugene D. Roth, Esq. ("Mr. Roth"), as the attorney for the Defendants in

place of Jesus A. Collazo, Esq.

50.     On or about June 27, 2012, the Plaintiff and Mr. Roth agreed that the Defendants'

Rule 2004 examination would be rescheduled from June 28, 2012, to July 10, 2012.

### *The Defendant Wife's Rule 2004 Examination*

51.     On July 10, 2012, a Rule 2004 examination was conducted of the Defendant wife.

52.     The Defendant wife testified that she has a master's degree in business

administration, and has previously worked as the assistant manager of a bank.

53.     The Defendant wife further testified that her husband was the owner and she was

the officer manager of E.H. Manetti & Sons Landscaping, LLC, which has the same address as

the Jackson Property.

54.     The Defendant wife further testified that E.H. Manetti & Sons Landscaping, LLC has not received any income since 2009.

55.     The Defendant wife further testified that due to their lack of income, the Defendants have not filed income tax returns for 2009, 2010, and 2011.

56.     The Defendant wife further testified that she unsuccessfully attempted to purchase a liquor store business, and formed a previously undisclosed business entity under the name of Gerards West LLC, to hold the liquor store license.

57.     The Defendant wife further testified that to fund the down payment for the purchase of the liquor store business, she borrowed $151,894.05 from her mother, Angela Cardiello, a previously undisclosed creditor.

58.     The Defendant wife further testified that in exchange for the $151,894.05 loan, she transferred to her mother the title of her previously undisclosed interest in a 2003 Chevrolet Corvette.

59.     Upon information and belief, the transfer of title of the 2003 Chevrolet Corvette to Angela Cardiello is not recorded with the New Jersey Motor Vehicle Commission, and the vehicle has remained at all times in the possession of the Defendants.

60.     The Defendant wife further affirmed that on June 25, 2012, she produced a handwritten document to the Plaintiff, which reported she owned 8 firearms, despite the fact that the Defendants testified at the Meeting of Creditors, that the Defendants owned 20 firearms.

61.     Upon information and belief, on February 11, 2011, or within the one year period prior to the filing of the Petition, the Defendants owned a collection of at least 68 firearms, which were not disclosed on Schedule B or identified elsewhere on the SOFA.

8

62.    Upon information and belief, as of the petition date, the Defendants were the plaintiffs in a civil law suit pending in the United States District Court, which was not disclosed on their original SOFA captioned: <u>Barbara and Albert Mannetti vs. Janice Ulker, et al.</u>, Civil Action No. 09-5281 (JAP) ("Federal District Court Case").

63.    Upon information and belief, on or about April 4, 2012, after the filing of the petition, the Defendants filed a brief in their Federal District Court Case that attached a report from a firearms expert that stated their firearms collection, consisting of 68 weapons, was worth $73,700.00, in an undamaged condition.

64.    When questioned at her Rule 2004 examination as to the discrepancy between the document that she produced to the Plaintiff that reported that she owned 8 firearms, and the expert report which reported she owned a collection of 68 firearms, the Defendant wife testified she no longer owned the 68 firearms, as she had gifted the weapons to an individual named Lance Ashworth, for no consideration.

65.    The Defendant wife further testified that she did not know the exact date she gifted the weapons and would have to verify her records.

66.    The Defendant wife further testified that the monies she received from her mother and the liquidation of assets were used to pay the bills.

### *The Defendant Husband's Rule 2004 Examination*

67.    On July 31, 2012, a Rule 2004 Examination was conducted of the Defendant, husband.

68.     The Defendant husband testified that while he answered in the affirmative at the Meeting of Creditors that he read the petition prior to the signing, he actually did not read it prior to signing it.

69.     The Defendant husband testified that the only income that the Defendants had to live on was his social security benefits in the amount of $1,070.00 per month.

70.     As to the collection of firearms, the Defendant husband testified that the firearms collection was not gifted to Lance Ashworth, but was transferred in consideration of prior services that Mr. Ashworth rendered to the Defendants' business.

71.     The Defendant husband further testified that he did not know how much money was owed to Lance Ashworth.

72.     The Defendant husband further testified he did not know where the $40,000 value for machinery and equipment on the original Schedule B came from.

### *The Defendants' Subsequent Amendments*

73.     On July 31, 2012, the Defendants filed various amendments to their bankruptcy documents, which contrary to their initial disclosures, and testimony at the Meeting of Creditors, reported income, assets, transfers, lawsuits, and interests in property that had not previously been disclosed.

74.     The amendments to Schedule B reported a previously undisclosed checking account at PNC Bank with a balance of $230.72; the previously unscheduled firearms collection which was valued at $500.00; four previously undisclosed businesses: B.A. Manetti Landscaping; E.H. Manetti and Sons Landscaping, LLC; Gerards West LLC; and Manetti and Salano Corp; and contingent and unliquidated claims, which were not previously disclosed:

10

Manetti et al v. Ulker, U.S. District Court of New Jersey, Case No. 09-5281(JAP); and Manetti

v. Stephen Horn, Esq..

75.     The Amended Schedule B also reduced the value of the Defendants interest in

miscellaneous office equipment, furnishings, and supplies from $2,000.00 to $500.00; and

deleted the Defendants' interest in machinery used in business which had been previously been

reported at $40,000.00.

76.     Amended Schedule F included a previously unlisted unsecured claim in favor of

the Defendant wife's mother, Angela Cardiello, in the amount of $121,000.00.

77.     The Defendants amended Schedule I to delete the previously reported income

from the operation of business in the amount of $14,000.00 per month, and disclosed that as of

the petition date, the Defendants' sole source of income was the Defendant husband's previously

undisclosed social security benefits in the net amount of $1,070.00 per month.

78.     Amended Schedule J decreased the Defendants' total expenses from $15,422.00

per month to $8,502.14 per month.

79.     The second Amended SOFA, contrary to the disclosures made in the initial and

first amended SOFA, states that the Defendants received Social Security Benefits in the amount

of $1,070.00 as of the date of the filing, and $13,284.00 in Social Security Benefits, in year 2011.

80.  The second Amended SOFA, contrary to the disclosures made in the initial and first

amended SOFA, reported an additional pending lawsuit: LMR Associates v. Frederick Coles III

Esq. v. Barbara and Albert Manetti, Docket No. BER-L-7939-11, Superior Court of New Jersey,

Law Division, Bergen County.

11

81.      The second Amended SOFA, contrary to the Defendants' testimony at the Meeting of Creditors and the disclosures made in the initial and first amended SOFA, stated that on June 25, 2011, the Defendants transferred a gun collection to an individual named Lance Ashworth, 688 White Cedar Drive, Toms River, New Jersey.

82.      The second Amended SOFA, contrary to the disclosures made in the initial and first amended SOFA, stated that in February 2011, the Defendants closed a checking account at TD Bank.

83.      The second Amended SOFA, contrary to the Defendants disclosures made in the initial and first amended SOFA, stated that the Defendants were holding a 2003 Chevy Corvette that was owned by Angela Cardiello, at 525 Basso Street, Jackson, New Jersey.

84.      The second Amended SOFA, contrary to the Defendants disclosures made in the initial and first amended SOFA, reported the Defendants' landscaping business, E.H. Manetti and Sons Landscaping LLC; 525 Basso Street, Jackson, New Jersey, operated from March of 1972 to present.

85.      The Defendants signed the Declaration Concerning Debtor's Schedules attesting under penalty of perjury that the information contained in the amended Schedules and amended SOFA was true and correct.

***Document Production and Discovery Subsequent to Defendants Rule 2004 Examinations***

86.      The Defendants produced various documents reflecting the sale of various personal and business assets that are not reported on the original and amended SOFAs.

87.      Upon information and belief, on or about November 29, 2011, or 42 days prior to the filing of the petition, the Defendant sold a 2004 Ford F-250 truck and received $24,000.00.

12

88.      Upon information and belief, on or about July 1, 2011, or within 131 days prior to the filing of the petition, the Defendant sold a tractor and received $31,000.00.

89.      Upon information and belief, on or about April 27, 2011, or within the year prior to the filing of the petition, the Defendants sold a 2004 Chevy Corvette and received $25,000.00.

90.      Upon information and belief, on or about March 9, 2011, or within the year prior to the filing of the petition, the Defendants sold a 2004 Ford Truck and received $14,300.00.

91.      Upon information and belief, on or about August 4, 2010, or within 18 months of filing of the petition, the Defendants sold a 2006 Ford Economy Wagon and received 10,000.00.

92.      Upon information and belief, on or about June 21, 2010, the Defendants sold a 2004 Ford F150 Truck and received $8,000.00.

93.      Upon information and belief, on or about June 21, 2010, the Defendants sold a 2007 Lincoln Town Car and received $20,000.00.

94.      Upon information and belief, on or about March 20, 2010, the Defendants sold a 2008 Ford Escape received $18,000.00.

95.      To date, the Defendants have not filed amended schedules or disclosed on the SOFA the transfer of all of their assets, nor the income received from these transactions.

## FIRST COUNT

### OBJECTION TO DISCHARGE UNDER 11 U.S.C. § 727(a)(4)(A) FOR KNOWINGLY AND FRAUDULENTLY MAKING A FALSE OATH OR ACCOUNT

96.      The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 95 as if set forth herein at length.

97.    11 U.S.C. § 727(a) provides, in relevant part, that the Court shall grant the debtor

a discharge, unless "(4) the debtor knowingly and fraudulently, in or in connection with the

case– (A) made a false oath or account."

98.    The Defendants signed statements attesting, under penalty of perjury, that the

information on the Petition, Schedules, and SOFA was true and correct.

99.    The Defendants testified at their Meeting of Creditors and their Rule 2004

Examinations under the penalty of perjury.

100.    The original Schedule B, which the Defendants attested under penalty of perjury

was true and correct, failed to disclose the Defendant husband's bank account, the Defendant

wife's firearms collection, the Defendant wife's interest in a 2003 Chevrolet Corvette, and

certain business interests including B.A. Manetti Landscaping; E.H. Manetti and Sons

Landscaping, LLC; and Gerards West LLC.

101.    The Defendants also knowingly and fraudulently made false oaths at the Meeting

of Creditors by reporting to the Case Trustee that they had 20 firearms, in light of the amended

Schedule B which disclosed 8 firearms.

102.    The Defendants' initial and amended Schedule B, and the Defendants' false

testimony at the Meeting of Creditors also failed to account for the 68 firearms in the February

11, 2011, Expert Report, that they attached as an Exhibit to their brief in their pending Federal

District Court Case.

103.    The original SOFA, attested to under penalty of perjury to be true and correct,

disclosed no transfers of property, and was a false oath in light of the Defendants' disclosure that

they transferred the wife's firearm collection, business equipment, and several motor vehicles within the year period preceding the filing of the petition.

104.    The original SOFA, attested to under penalty of perjury as being true and correct, failed to disclose all law suits, and was a false oath in light of the Defendants' disclosure that they had at least two pending lawsuits within the one year period preceding the filing of the petition.

105.    The original SOFA, attested to under penalty of perjury as being true and correct, disclosed no income other than from employment or operation of business, and was a false oath in light of the income received by the Defendants from the sale of assets, and the income received from relatives, within the two-year period preceding the filing of the petition.

106.    The Defendants knew that the information contained in their Schedules and SOFA was not true and correct.

107.    The Defendants intentionally did not disclose the existence of the undisclosed income and assets in order to conceal their existence from creditors and the Case Trustee.

108.    As a result, the Plaintiff alleges that the Defendants have knowingly and fraudulently made false oaths or accounts in connection with the assets disclosed on Schedule B, the income disclosed on Schedule I, the false sworn testimony provided at the Meeting of Creditors, the false sworn testimony provided at the Rule 2004 examinations, and the false sworn disclosures on the SOFA and all subsequent amendments.

109.    Wherefore, the Plaintiff respectfully requests that this Court enter judgment denying the Defendants' discharge under 11 U.S.C. § 727(a)(4)(A), and providing for such other relief as is just.

15

## SECOND COUNT

## OBJECTION TO DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(2)(A)

110.    The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 109 as if set forth herein at length.

111.    11 U.S.C. § 727(a)(2) provides, in relevant part, that the Court shall grant the debtor a discharge unless "(2) the debtor, with intent to hinder, delay or defraud a creditor or officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed - (A) property of the debtor, within one year before the date of the filing of the petition.

112.    The docket for the Federal District Court Case states that, during the year preceding the filing of the petition, the Defendants had a pending civil law suit seeking monetary damages from law enforcement officials for the theft and alleged damage to their personal property consisting of 68 collectible firearms valued at $73,700.00, collectible foreign currency, and firearms ammunition.

113.    The Defendants' Federal District Court Case, the firearms collection, the collectible foreign currency, and/or the firearms ammunition were not disclosed in any of the original filings with the Court.

114.    The alleged transfer of the firearms to Lance Ashworth was not disclosed in the original, and the first amended SOFA.

16

115.    The Defendants testified that they received money during the year preceding the petition from several sources including loans from relatives, the sale of personal assets, and the sale of business machinery and equipment.

116.    The income derived from the loans from relatives, the sale of personal assets, and the sale of business machinery and equipment, was not disclosed in any of the filings with the Court.

117.    The Defendants knew of the existence of the cash and assets they failed to disclose, yet they knowingly and fraudulently failed to disclose them on the Schedules and amendments thereto, SOFA and amendments thereto, and testimony at the Meeting of Creditors.

118.    The Defendants intentionally did not disclose the existence of the undisclosed assets and undisclosed asset transfers in order to hinder, delay or defraud creditors and the Case Trustee.

119.    As a result, the Defendants transferred, removed, destroyed, mutilated, or concealed, with intent to hinder, delay or defraud creditors or the Case Trustee, property of the Defendants within one year before the filing of the petition.

120.    Wherefore, the Plaintiff respectfully requests that this Court enter judgment in favor of the Plaintiff denying the Defendants a discharge pursuant to 11 U.S.C. § 727(a)(2)(A), and providing for such other relief as is just.

**THIRD COUNT**

**OBJECTION TO DISCHARGE UNDER 11 U.S.C. § 727(a)(2)(B)
FOR TRANSFERRING, REMOVING, DESTROYING, MUTILATING,
OR CONCEALING, WITH INTENT TO HINDER, DELAY, OR
DEFRAUD CREDITORS OR THE CASE TRUSTEE, PROPERTY
OF THE ESTATE AFTER FILING OF THE PETITION**

17

121.    The Plaintiff repeats and realleges each and every allegation contained in
paragraphs 1 through 120 as if set forth herein at length.

122.    Since the filing of the petition, on April 4, 2012, the Defendants filed a brief in
their pending Federal District Court Case in which they attached an expert report which detailed
their ownership of 68 firearms, valued at $73,700.00, in an undamaged condition.

123.    Since the filing of the petition, a certification was filed with the Court on March
26, 2012, that states the Defendant wife actually owns the 2003 Corvette and needs the vehicle
for job interviews and future employment prospects.

124.    Since the filing of the petition, the Case Trustee has demanded that the
Defendants turn over the firearms collection, and the 2003 Chevrolet Corvette, the 2006 Ford
Explorer, and the 2003 Lincoln Navigator.

125.    The Defendants are required to surrender property of the estate to the Case
Trustee under 11 U.S.C. §§521(a)(3) and (4).

126.    The Defendants are also required to surrender to the Case Trustee all documents
relating to property of the estate.

127.    The Case Trustee has demanded that the Defendants turnover to him the
Certificates of title to the 2003 Chevrolet Corvette, the 2006 Ford Explorer, and the 2003
Lincoln Navigator.

128.    The Defendants have not complied with the Case Trustees demands for the
turnover of property of the estate and all documents relating to property of the estate.

18

129.    As a result, the Defendants transferred, removed, destroyed, mutilated, or concealed, with intent to hinder, delay, or defraud creditors or the Case Trustee, valuable property of the estate after the date of the filing of the petition.

130.    Wherefore, the Plaintiff respectfully requests that this Court enter judgment denying the Defendants' discharge under 11 U.S.C. § 727(a)(2)(B) and providing for such other relief as is just.

## FOURTH COUNT

### OBJECTION TO DISCHARGE UNDER 11 U.S.C. § 727(a)(5) FOR FAILURE TO EXPLAIN SATISFACTORILY ANY LOSS OF ASSETS OR DEFICIENCY OF ASSETS TO MEET DEFENDANTS' LIABILITIES

131.    The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 130 as if set forth herein at length.

132.    11 U.S.C. § 727(a) provides, in relevant part, that the Court shall grant the debtor a discharge, unless "(5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities."

133.    The Defendants' Schedule F, as amended, reveals over $445,515.81 in consumer debts.

134.    Schedule B as amended, disclosed cash on hand in the amount of $100.00, financial account balances of $0.83 and $230.72, as well as furnishings, wearing apparel, jewelry, and firearms totaling only $13,831.55.

135.    The SOFA as amended did not disclose any gifts, or losses.

19

136.     In addition, while the Defendants' second amended SOFA, reports the transfer of a firearms collection, the Defendants have failed to satisfactorily explain the exact quantity of the guns transferred and the value received for the transfer.

137.     The Defendants have also testified that their business and personal assets were liquidated as needed, in order to pay expenses.

138.     The Defendants have not satisfactorily explained why over of $151,000.00 received from the Defendant wife's mother is not available to pay creditors.

139.     In addition, the Defendants have not satisfactorily explained why all the cash received from the liquidation of motor vehicles, and business machinery and equipment is not available for distribution to creditors.

140.     As a result, the Defendants have failed to explain satisfactorily why all of the cash and assets obtained by the Defendants from their credit cards, from insider loans, and from the liquidation of assets are not now available to meet the Defendants' liabilities.

141.     Wherefore, the Plaintiff respectfully requests that this Court enter judgment denying the Defendants' discharge under 11 U.S.C. § 727(a)(5) and providing for such other relief as is just.

## FIFTH COUNT

**OBJECTION TO DISCHARGE UNDER 11 U.S.C. § 727(a)(3) FOR CONCEALING, DESTROYING, MUTILATING, FALSIFYING, OR FAILING TO KEEP OR PRESERVE RECORDED INFORMATION, INCLUDING BOOKS, RECORDS, AND PAPERS, FROM WHICH THE DEFENDANTS' FINANCIAL CONDITION OR BUSINESS TRANSACTIONS MIGHT BE ASCERTAINED**

142.     The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 141 as if set forth herein at length.

20

143.    11 U.S.C. § 727(a) provides, in relevant part, that the Court shall grant the debtor

a discharge, unless "(3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep

or preserve any recorded information, including books, documents, records, and papers, from

which the debtor's financial condition or business transactions might be ascertained, unless such

act or failure to act was justified under all of the circumstances of the case."

144.    Upon information and belief, other than the documents that have been provided to

the Plaintiff to date, the Defendants have unjustifiably concealed, destroyed, mutilated, falsified,

or failed to keep or preserve sufficient recorded information, including books, documents,

records, and papers, from which their financial condition or business transactions might be

ascertained.

145.    While the Defendants have partially produced bank records, and other documents,

they have not produced sufficient documents and records to enable the Plaintiff to ascertain the

Defendants' current financial condition or the examination of pre-petition transactions.

146.    The Defendants have not produced to the Plaintiff any current tax returns and

have produced no business records for E.H. Manetti and Sons Landscaping, LLC.

147.    The Defendants have provided limited records regarding the disposition of the

personal loan proceeds that they borrowed from the Defendant wife's mother, and from the

liquidation of machinery and equipment used in connection with their business.

148.  As a result, the Defendants have concealed, destroyed, mutilated, falsified, or failed

to keep or preserve recorded information from which his financial condition or business

transactions might be ascertained.

21

149.    Wherefore, the Plaintiff respectfully requests that this Court enter judgment

denying the Defendants' discharge under 11 U.S.C. § 727(a)(3) and providing for such other

relief as is just.

Respectfully submitted,

ROBERTA A. DeANGELIS
UNITED STATES TRUSTEE
REGION 3

By:    */s/ Michael A. Artis*
Michael A. Artis
Trial Attorney

Dated:  October 3, 2012

22